**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                             **CASE NO.: 4:04-CR-048-SPM**

**LARRY VICTOR REEVES,**

    **Defendant.**

_____/

**ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE**

**THIS CAUSE** comes before the Court upon "Defendant's Motion to Correct Illegal Sentence" (doc. 26) filed January 19, 2005 and the Government's response (doc. 31) filed February 11, 2005. Defendant's main argument is that post-Booker,[1] the 60-month sentence imposed by the Court violates due process because it is "greater than what was provided for when [Defendant] committed his offense." Defendant argues that at the time he entered his guilty plea he was given "fair notice" that, absent an upward departure, he would only receive a sentence within the guidelines range of 15 to 21 months.

Subsequent to the filing of the motion and response, the Eleventh Circuit handed down the opinion of United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005), which both sides briefed (docs. 41 and 44). Having reviewed the motion, response, opinion and the supplemental briefs, the Court finds that the motion to correct illegal sentence must be denied.

---

[1] United States v. Booker, 125 S.Ct. 738 (2005).

In <u>Duncan</u>, the jury convicted the appellant of conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack).  <u>Id.</u> at 1300.  By special verdict, the jury found beyond a reasonable doubt that the conspiracy involved five or more kilos of cocaine, but did not find that it involved fifty or more grams of crack.  <u>Id.</u>  At sentencing, however, the court made a finding that a portion of the cocaine powder had been converted into crack.  <u>Id.</u>  This finding increased appellant's offense level and subjected him to a life sentence, to which appellant was ultimately sentenced.  <u>Id.</u>

One of the arguments made by the appellant was whether <u>Booker</u> violated the due process principles of fair warning vis-à-vis <u>Rogers v. Tennessee</u>, 532 U.S. 451 (2001).  <u>Id.</u> at 1307.  The court held that it did not, stating:

> [A]t the time of [appellant's] criminal conduct, the recognized state of the law looked to the U.S. Code as establishing maximum sentences–in [appellant's] case, a life sentence.  Although mandatory Guidelines were in place, the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence.

<u>Id.</u> at 1308.  In reaching its holding, the Court analyzed <u>Dobbert v. Florida</u>, 432 U.S. 282 (1977), in which appellant argued an *ex post facto* violation based on Florida's revised death penalty statute.  <u>Id.</u>  In <u>Dobbert</u>, the statute in effect at the time of appellant's offense was later declared unconstitutional pursuant to <u>Furman v. Georgia</u>, 408 U.S. 238 (1972).  <u>Id.</u>  Florida enacted a new statute under which appellant was convicted and sentenced to death.  <u>Id.</u>  Appellant argued that because the original statute was declared unconstitutional, there was

effectively no death penalty at the time he committed his offense.  Id.

The Supreme Court rejected this argument, finding that the statute's existence, regardless of a later finding of unconstitutionality, provided fair warning as to the degree of culpability which could be ascribed to appellant's conduct:

> Here the existence of the statute served as an "operative fact" to warn the petitioner of the penalty which Florida would seek to impose on him if he were convicted of first-degree murder.  This was sufficient compliance with the ex post facto provision of the United States Constitution.

Id. at 1307-08.

Similarly, in the instant case, at the time Defendant committed his crime, 18 U.S.C. § 1029(c) provided (and still does provide) for a maximum of ten years for a violation of § 1029(a)(2) (Count II of the indictment), and as to Count I, 18 U.S.C. § 371 provides for a maximum term of five years.  Defendant was put on notice of these maximums at the time he executed his plea and cooperation agreement, which specifically states that "Defendant faces a maximum term of five years' imprisonment [as to Count I] . . . [and] a maximum term of ten years' imprisonment [as to Count II]."  Although the parties "acknowledge[] that the Sentencing Guidelines apply," the agreement goes on to say that "the District Court's discretion in sentencing is restricted only by the statutory provisions and the Sentencing Guidelines."

The plea agreement is correct.  This Court's sentencing discretion is absolutely limited by the statutory maximum set forth in the United States Code, and is still restricted by the Guidelines to the extent that Booker requires a

sentencing court to consider all applicable factors present in 18 U.S.C. § 3553(a) when making its decision.  This Court, having considered the sophisticated nature of the ongoing fraud, Defendant's criminal history, and the loss amount involved, fashioned a sentence that comports with the facts of the case and the applicable law.  Defendant was on fair notice that he was subject to the statutory maximums set out in the Code, and as in <u>Duncan</u>, Defendant had sufficient warning to satisfy any due process concerns articulated in <u>Rogers</u>.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion to Correct Illegal Sentence (doc. 26) is hereby *denied*.

**DONE AND ORDERED** this <u>twenty-fifth</u> day of April, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao