**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                        **CASE NO.: 4:04-CR-048-SPM**

**LARRY VICTOR REEVES,**

      **Defendant.**

_____/

**ORDER DENYING MOTION TO CORRECT PRESENTENCE REPORT**

**THIS CAUSE** comes before the Court upon the "Motion to Have Presentencing Report Corrected" (doc. 48) filed April 28, 2005, in which Defendant alleges that his presentence investigation report (PSR) contains a number of errors. Under Federal Rule of Criminal Procedure 32, a trial court does not have jurisdiction to correct inaccuracies in a PSR after sentencing. United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989).

The Court notes that of the errors alleged, the only one that might have had an impact on Defendant's sentence is the conviction listed in paragraph 33. Defendant contends that he was convicted only of reckless driving, not the original charge of criminal restraint. This conviction is the difference between a Criminal History Category II and Criminal History Category III. Any claim as to this issue is cognizable either on direct appeal or in a motion for post-conviction relief via 28 U.S.C. § 2255.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion to Correct Presentence Report (doc. 48) is hereby *denied*.

**DONE AND ORDERED** this thirteenth day of June, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao