**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.	CASE NO.: 4:04-CR-048-SPM

LARRY VICTOR REEVES,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

**THIS CAUSE** comes before the Court upon the Defendant's "Motion for Reduction of Sentence" (doc. 75).  In the motion, the Defendant requests a sentence within the sentencing guidelines range that includes a two-level downward departure for acceptance of responsibility.  He further notes that he has experienced many family tragedies within recent months and would like the Court to reconsider its sentence in light of these recent developments.

    The legal arguments made in this motion are similar to arguments made in "Defendant's Motion to Correct Illegal Sentence" (doc. 26) filed on January 19, 2005.  There, the Defendant argued that post-Booker,[1] the 60-month sentence imposed by the Court violates due process because it is "greater than what was provided for when [Defendant] committed his offense."  Defendant argues that at the time he entered his guilty plea he was given "fair notice" that, absent an upward departure, he would only receive a sentence within the guidelines range

---

    [1] United States v. Booker, 125 S.Ct. 738 (2005).

of 15 to 21 months.  In the "Order Denying Motion to Correct Illegal Sentence" (doc. 27), the Court clearly explained its reason for the upward departure and consequently declined a reduction in Defendant's sentence.

Here, the Defendant again requests a sentence within the sentencing guidelines range.  He further argues that there was no stated reason for the upward departure and that a sentencing above the guidelines was contrary to the Defendant's understanding at the time he signed his Plea Agreement.  The Court did in fact state its reason for the upward departure.  The reasoning was articulated at the time of sentencing and in the Court's order denying the motion to correct the Defendant's sentence.  When the Defendant signed his Plea and Cooperation Agreement, (doc. 20), he knew that the final sentencing decision was at the discretion of this Court.  At the time of sentencing, both parties had the opportunity to argue for departures from the sentencing guidelines.  The Court heard those arguments and took them into consideration when making the final sentencing decision.

Furthermore, this Court does not have jurisdiction to reduce Defendant's sentence.  Rule 35 of the Federal Rules of Criminal Procedure prescribes only two circumstances under which a court may correct or reduce a sentence.  Under subsection a, the court may correct a sentence for clear error within 7 days of imposition.  Notwithstanding the fact that Defendant's motion is untimely under subsection a, the provision "is not intended . . . for the court to simply change its mind about the appropriateness of the sentence."  Fed. R. Crim. P. 35 advisory

committee's notes (1991).

Under subsection b of Rule 35, the court may reduce a sentence upon the government's filing of a substantial assistance motion. No substantial assistance motion has been filed in this case. Though the Court recognizes the toll that this sentence make take on the Defendant, Rule 35 does not give this Court jurisdiction to alter Defendant's sentence because of personal tragedies that have befallen the Defendant or his family.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Reduction of Sentence (doc. 75) is hereby *denied*.

**DONE AND ORDERED** this twenty-eighth day of November, 2007.


    *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge